UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SIDNEY HARRIS, Plaintiff,<br>v.<br>SEAN DUFFY, Secretary, U. S. Department of Transportation, The FAA Agency of United of States of America<br>Defendants | Case No.:<br>Hon.<br>Mag. Judge |

Bertram L. Marks, (P47829)
Attorney for Plaintiff
7375 Woodward Ave., Suite 2000
Detroit, MI 48202
(248) 737-4444
BMarks@MarksLawPLLC.com
TGowdy@MarksLawPLLC.com {Asst.}

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, Sidney Harris, by and through his attorney, Bertram L. Marks Esq., and respectfully alleges in support of his complaint as follows:

*Parties and Jurisdictions*

1. This action is brought by Sidney Harris (hereinafter Plaintiff), against Sean Duffy as Secretary of the U.S. Department of Transportation and the U.S. Department of Transportation (hereinafter Defendant), to enforce the statutory and regulatory provisions of Title I of the Americans with Disabilities Act

(ADA), 42 U.S.C. § 12111 *et seq.*, which incorporate, through 42 U.S.C. § 12117(a), the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

2. Sidney Harris is an honorably discharged and disabled United States Marine Veteran who possessed a secret security clearance while on active duty, completed foreign assignments, and was recognized for exemplary service during his five (5) years of service to his country. After leaving his service to the country as a Marine, he continued to serve his country through his work as an Airways Transportation System Specialist (ATSS) with the FAA.

3. This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f), 42 U.S.C. §2000e-6, 28 U.S.C. §§ 1331 and 1345.

4. This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117(a).

5. Venue is appropriate pursuant to 28 U.S.C. § 1391.

6. Defendant is a governmental entity and has a workforce of approximately 57,947 employees. Defendant is a person within the meaning of 42 U.S.C. § 12111(7) and 42 U.S.C. § 2000e(a).

7. Defendant is an employer within the meaning of 42 U.S.C. § 12111(5), and a covered entity within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2.

8. Plaintiff was hired on or about November 22, 2022, as an Airways Transportation Systems Specialist with the FAA Seattle Office. On August 28, 2023, after being diagnosed with sleep apnea, Sidney Harris sent an email to his front-line supervisor, Aaron Ivanushka, requesting reasonable accommodation for his disability.

*The Defendant employer failed to accommodate Plaintiff*

9. During his tenure with the FAA, Plaintiff discussed his sleep disorder condition with his first line manager, Aaron Ivanushka. Ivanushka advised, in an email to Plaintiff, that Plaintiff should seek reasonable accommodation. Plaintiff complied with this directive. On August 7, 2023, the Plaintiff responded to his frontline supervisor via email at 10:22 a.m. and requested that his front-line supervisor, in accordance with FAA policy, submit a reasonable accommodation request on his behalf.

10. Aaron Ivanushka discussed the request for reasonable accommodation with the district manager, Kelly Dodge. Kelly Dodge stated that the FAA does not

have employees with sleep issues in the workforce. She further indicated that she would not provide reasonable accommodation for a sleep disorder.

11. As a result of his discussion with Kelly Dodge, Aaron Ivanushka did not submit Mr. Harris's Reasonable Accommodation request as required by FAA policy, instead, he withheld the request for 81 days, terminated Mr. Harris and deemed the request moot due to termination.

*Plaintiff was engaged in protected activity, his employer knew he was so engaged, and the employer terminated Plaintiff because of his request for reasonable accommodation*

12. Aaron Ivanushka sat on the request for reasonable accommodation and failed to submit the request. After 80 days, and hearing nothing at all about his request for accommodation, Plaintiff contacted Aaron Ivanushka to inquire about the status of his request for reasonable accommodation. Ivanushka did not respond. The next day, Plaintiff was advised that he had been terminated.

13. The reason for termination of Plaintiff on October 31,2023, just days before his one-year probationary period was set to expire offered by the Defendant was "failing to comply with agency leave requesting policies and procedures."

14. The reason offered for termination by the Defendant is a mere pretext. The Plaintiff was never written up or accused of being "Absent Without Leave" or disciplined in any form. All requests for leave by the Plaintiff were approved by Aaron Ivanushka and recorded in the Agency "CASTLE" system.

15. Plaintiff was not deemed "unfit for government employment". Instead, he was terminated pursuant to a clause which allows termination "at the convenience of the government". The Defendant terminated the Plaintiff because he requested a reasonable accommodation that his supervisors felt was unwarranted.

16. On November 3, 2023, Plaintiff Harris filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging that Defendant discriminated against him in violation of the ADA by denying him reasonable accommodation.

17. Plaintiff was embarrassed, humiliated, and suffered acute depression as a result of his termination with the Defendant.

18. Plaintiff lost his apartment and was forced to relocate to Michigan.

19. In August of 2024, the Plaintiff applied for the same position he held with the Seattle branch of the FAA in Michigan-Airways Transportation System Specialist (ATSS). The Plaintiff included form SF 256 titled "Self-Identification of Disability" with his application. Form SF 256 is notice to a potential employer that an applicant has a disability.

20. After an interview, the Plaintiff was hired as a ATSS [1]by the Michigan office of the FAA and his front-line supervisor Chad Forester, agreed immediately to provide the Plaintiff with a reasonable accommodation. The accommodation provided was the same as the accommodation Plaintiff sought from the management team at the Seattle FAA location.

21. Plaintiff was eligible and qualified for pay at the "G Band" level while working in the FAA Seattle office. He was repeatedly denied a promotion to the "G Band" level and remained at the "F Band" level while employed in Seattle.

22. Plaintiff was hired at the higher "F Band" level when he was offered a position with the Michigan office of the FAA based on his certifications and experience.

23. Pursuant to 42 U.S.C. § 2000e-5, incorporated by reference in 42 U.S.C. §12117(a), the EEOC investigated Mr. Harris's complaint, and it was found that Mr. Ivanushka and other managers were aware of the Plaintiff's disability. Ivanushkla also stated that he received an RA from Plaintiff and that he failed to timely submit the RA prior to terminating Plaintiff.

[11] In Seattle, Plaintiff was an Airways Transportation Systems Specialist assigned to the environmental department. In Michigan, Plaintiff was hired as an Airways Transportation Systems Specialist assigned to the environmental and radar departments. He has been given expanded responsibilities due to the accommodation he was denied by Defendants but granted by management in Michigan upon being hired.

24. The investigation also revealed that Ms. Kelley Dodge was Plaintiff's third-line supervisor. Dodge admitted that she believed a sleep disorder was not a disability. She further admitted she was aware of the Plaintiff's request for an RA, and that he was terminated prior to any action on his RA.

25. Timothy Fitten, an EEO specialist, revealed that he was aware of the Plaintiff's disability when he was notified about a reasonable accommodation request in October of 2023. Plaintiff made a request for an RA on August 7, 2023.

26. Monica Mumford-Willis noted in the report of investigation that she was aware of Plaintiff's race and disability and was made aware of the decision to terminate Plaintiff.

27. Mr. Andrew McArthur testified that he was Plaintiff's District Facilities Manager, and that he was aware that Plaintiff requested reasonable accommodation due to a sleeping disorder.

28. The Defendant has good cause to believe he was discriminated against in violation of the ADA.

29. Kelly Dodge claimed that she had no knowledge of Plaintiff's disability affecting his job performance while at the same time she admits to conferring with Mr. Ivanushka regarding the Plaintiff and his request for an RA. Plaintiff,

clearly, and unequivocally requested an RA through Mr. Ivanushka who shared that information with Kelly Dodge.

*Plaintiff has a disability within the meaning of the ADA*

30. Mr. Harris is an individual with a disability within the meaning of 42 U.S.C. § 12102 and 29 C.F.R. § 1630.2. Mr. Harris has a physical disability that substantially limits, at minimum, his major life activity of sleeping in a medically sound manner. He has been medically diagnosed with sleep apnea.

31. Mr. Harris began working for Defendant as an Airway Transportation System Specialist, FV-210-F on November 6, 2022. He took the extraordinary step of obtaining 3 certifications during his tenure with the FAA. He remained in that position until he was fired on October 31, 2023.

32. Mr. Harris's job duties as an Airway Transportation System Specialist included, reporting to work early in the morning. Plaintiff notified his managers in May of 2023 and again in August of 2023 of his sleep apnea condition. He explained that his tardiness at work was directly related to his sleeping problems. He sought a later shift as accommodation to help him be punctual in a job he grew to enjoy and take pride in.

*Employer had notice of Plaintiff's disability*

33. Aaron Ivanushka and Kelley Dodge claim in various affidavits and statements to the EEOC investigator that the Plaintiff failed to present them with any medical evidence of his disability. The ROI contains an email directive dated August 3, 2023, to Mr. Harris from Mr. Ivanushla which reads as follows: ***"I wanted to follow up with you concerning our discussion yesterday concerning your tardiness issue. In that discussion, you mentioned that you have a sleeping disorder. In the FAA, any accommodation due to a medical disability must go through the Office of Civil Rights' Reasonable Accommodation process. I have provided a link to information about Reasonable Accommodations for your convenience. If you decide this applies to you, <u>please let me know and I will submit a Reasonable Accommodation request for you. Do not provide me with any medical documentation as all documentation will go through the Office of Civil Rights if you request a Reasonable Accommodation</u>***."

34. On August 7th, Plaintiff sent an email response to Aaron Ivanushka, which reads as follows: "***<u>Good morning, Aaron, I would like you to submit a Reasonable Accommodation request for me because of my sleep disorder. I</u>***

***just remind you that I have an appointment scheduled for August 24th*, 2023 to see a specialist.”**

35. The Plaintiff sought an adjustment in his work report time to a later time in the morning as his sleep apnea prevented him from getting sleep and therefore early 6am reporting times made it difficult to report as required.

*Plaintiff was qualified to perform the job*

36. During his brief tenure with the FAA from November 6, 2022, to October 31, 2023, Plaintiff earned three (3) certifications in less than 12 months. Plaintiff obtained RWSL, ALSF, and MALSR certifications during this period. Plaintiff is qualified for a secret clearance and a public trust clearance. Plaintiff was terminated several days prior to his one-year probationary period ending.

37. Based upon job performance and the certifications earned, Plaintiff is well qualified to perform the job with reasonable accommodation. This is also evidenced by the fact that he was hired and maintains employment with the FAA in Michigan performing in the same job capacity as he held in Seattle.

38. After being terminated as an Airway Transportation Systems Specialist by the FAA in the state of Washington, the Plaintiff applied for the same job, as

an Airway Transportation Systems Specialist for the FAA in the State of Michigan.

39. Defendant has a policy and training for decision makers on the ADA and reasonable accommodations for employees with disabilities, which is encompassed in a document labeled ASO-CEEL and prepared by the Office of Civil Rights. The training is entitled “Reasonable Accommodation Training for Decision Makers”.

40. According to Section 5 of the training manual, Defendant “is responsible for timely processing of the Reasonable Accommodation (RA) Request” and for “documenting the request in RAMS “and “Contacting Civil Rights (ACR) with new RA Requests. The training also requires the Decision Maker to “make the final decision on the Approval or Denial of the Reasonable Accommodation” and “Providing the Decision Letter to the Requesting Employee.”

41. The Frontline Manager, according to the FAA Office of Civil Rights training manual is responsible for ensuring that “the Decision Maker is immediately forwarded any information already provided by the Employee.” The FAA policy requires a “25 business day turn around”. The Defendant sat on the RA of the Plaintiff for 81 days. Defendant waited until after Plaintiff was

terminated to submit the RA, knowing that in doing so the request would be moot.

42. The Defendant ignored all FAA policy and procedures related to a Reasonable Accommodation request.

43. Defendant never offered Mr. Harris an adjustment to his reporting schedule or even submitted his RA request timely.

*CAUSE OF ACTION*
*Count 1 - Title I of the Americans with Disabilities Act (Individual Claim)*

38. The allegations of the foregoing paragraphs are hereby re-alleged and incorporated herein by reference.

39. Title I of the ADA, 42 U.S.C. § 12111, et seq., and its implementing regulation, 29 C.F.R. Part 1630, requires covered employers, such as Defendant, to provide reasonable accommodations to otherwise qualified employees with disabilities.

40. Reasonable accommodation includes, but is not limited to, when an employee with a disability seeks an adjustment to a work condition such as scheduled work reporting times.

41. Plaintiff Mr. Harris is an otherwise qualified individual with a disability who, in 2023, could perform the essential functions of his position as an ATSS with

reasonable accommodation. This is evidenced by the fact that Plaintiff was hired as an ATSS in Michigan after providing notice of his disability during the interview process and receiving reasonable accommodation upon being hired.

42. Defendant failed to provide Mr. Harris with reasonable accommodation, including but not limited to an adjustment in his scheduled reporting responsibility to a later time within the shift schedule of Defendant's organization where such accommodation was available. 42 U.S.C. §§ 12112(a) and (b); 29 C.R.F. § 1630.9.

43. Defendant's conduct as described in this Complaint constitutes discrimination on the basis of disability in violation of Title I of ADA, 42 U.S.C. § 12111, *et seq.*, and its implementing regulation, 29 C.F.R. Part 1630.

44. As a result of Defendant's discriminatory conduct, Mr. Harris suffered and continues to suffer damages.

*Count II - Title I of the Americans with Disabilities Act*
*(Pattern or Practice Claim)*

45. The allegations of the foregoing paragraphs are hereby re-alleged and incorporated herein by reference.

46. Defendant's managers and district supervisors imposed a policy that employees with disabilities such as sleep issues should not be a part of the FAA when a shift schedule adjustment is a necessary accommodation as described in this Complaint constitutes a pattern or practice of discrimination on the basis of disability in violation of 42 U.S.C. §§ 12112(a) and (b). *See* 42 U.S.C. § 12117(a), which incorporates by reference Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-6.

47. Unless restrained by order of this Court, Defendant will continue to pursue this policy as alleged in this Complaint.

## **PRAYER FOR RELIEF**

*WHEREFORE*, the Plaintiff prays that this Court:

(a) Grant judgment in favor of the Plaintiff and declare that Defendant has violated Title I of the ADA, 42 U.S.C. § 12111 *et seq*., and its accompanying regulation;

(b) Require Defendant to modify its policies, practices, and procedures so as to bring its employment practices into compliance with Title I of the ADA and its accompanying regulation, including but not limited to:

(i) eliminating the prohibition on granting employees of the FAA with sleep issues reasonable accommodation; and

(c) Order Defendant to train its supervisors and human resource staff regarding the requirements of the ADA;

(d) Enjoin Defendant from failing or refusing to take other appropriate measures to overcome the effects of its discriminatory policies and practices;

(e) Award Mr. Harris:

(i) back pay with interest;

(ii) front pay;

(iii) out of pocket medical expenses;

(iv) out of pocket moving expenses and lease payments

(v) back benefits, including matching contributions and adjusted retirement dates with all associated rights and benefits;

(vi) restoration of leave;

(vii compensatory damages, including damages for pain and suffering, for injuries suffered as a result of Defendant's failure to comply with the requirements of Title I of the ADA pursuant to and within the statutory limitations of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and

(f) Order such other appropriate relief as the interests of justice require.

Respectfully submitted,

/s/*Bertram L. Marks*
BERTRAM L. MARKS
Attorney for Plaintiff Sidney Harris
7375 Woodward Ave., Suite 2000
Detroit, Michigan 48202
248 737 -4444
313 363 7227
BMarks@MarksLawPLLC.com
TGowdy@MarksLawPLLC.com {Asst.}

**Date:** July 17, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SIDNEY HARRIS,<br>Plaintiff,<br><br>v.<br>SEAN DUFFY, Secretary,<br>U. S. Department of Transportation,<br>Agency<br>Defendants | Case No.:<br>Hon.<br>Mag. Judge |

| | |
|---|---|
| Bertram L. Marks, (P47829)<br>Attorney for Plaintiff<br>7375 Woodward Ave., Suite 2000<br>Detroit, MI 48202<br>(248) 737-4444<br>BMarks@MarksLawPLLC.com<br>TGowdy@MarksLawPLLC.com {Asst.} | |

**DEMAND FOR JURY TRIAL**

Plaintiff Sidney Harris hereby requests a trial by jury as to all counts.

Respectfully submitted,

*/s/Bertram L. Marks*
BERTRAM L. MARKS
Attorney for Plaintiff Sidney Harris
7375 Woodward Ave., Suite 2000
Detroit, Michigan 48202
248 737 -4444
313 363 7227
BMarks@MarksLawPLLC.com
TGowdy@MarksLawPLLC.com {Asst.}

**Date:** July 17, 2025